IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MYTHICS, LLC F/K/A                                                    PLAINTIFF
MYTHICS, INC.

VS.                                           CIVIL ACTION NO. 3:23-cv-2977-DPJ-
                                                                            FKB

THE CITY OF JACKSON, MISSISSIPPI                              DEFENDANT
_____

ANSWER AND DEFENSES OF DEFENDANT CITY OF JACKSON, MISSISSIPPI
_____

Defendant City of Jackson, Mississippi ("Defendant" or "City"), by and through

counsel, files this Answer and Defenses to the Complaint filed by Plaintiff and states as

follows:

## FIRST   DEFENSE

Defendant specifically asserts and invokes all defenses available to it as set forth in

Federal Rule of Civil Procedure 12(b)(1) - 12(b)(7) for which a good faith legal and/or

factual basis exists or may exist on its behalf.

## SECOND  DEFENSE

Defendant asserts that this Court lacks subject matter jurisdiction over it for this

dispute, as diversity is lacking and there is no valid federal claim or question.

## THIRD   DEFENSE

Defendant asserts that this Court lacks personal jurisdiction over it for this dispute.

## FOURTH  DEFENSE

Defendant asserts that the Complaint fails to state a claim upon which relief can

be granted against it.

## FIFTH   DEFENSE

Defendant asserts that Plaintiff has failed to join one or more parties under Rule 19.

## SIXTH   DEFENSE

Defendant possesses qualified, absolute and/or sovereign immunity from suit and/or liability and/or damages and affirmatively asserts and invokes all substantive and procedural defenses available to it for which a good faith legal and factual basis exists or may exist in its favor pursuant to the constitution of the United States of America, the constitution of the State of Mississippi, or any applicable federal or State statute, including without limitation Miss. Code Ann. §11-46-1 *et seq*., specifically including Miss. Code Ann. §§11-46-5; 11-46-7;11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17. Included in these defenses are sovereign immunity and the Defendant's right to a non-jury trial by the Court on all state law issues, if any, which is hereby requested. To the extent Plaintiff's Complaint seeks a trial by jury on state law claims, if any, the Defendant moves to strike the jury demand on the basis it is prohibited by the aforesaid statutes.

## SEVENTH  DEFENSE

In addition to the immunities already claimed herein, Defendant also affirmatively states that the protections of the Mississippi Tort Claims Act are equally applicable to claims brought or arising under federal law. Defendant intends to assert and exercise its immunities from both state and federal claims.

## EIGHTH   DEFENSE

Plaintiff failed to properly comply with the notice requirements of the Mississippi Tort Claims Act, Miss. Code § 11-46-11.

## NINTH   DEFENSE

Defendant asserts legislative, judicial, and/or administrative immunity pursuant to the Mississippi Tort Claims Act, Miss. Code § 11-46-9(1)(a).

## TENTH   DEFENSE

Defendant asserts that one or more of Plaintiff's claims arise out of acts or omissions committed by the City or its agents exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, so that the Defendants are immune pursuant to the Mississippi Tort Claims Act, Miss. Code § 11-46-9(1)(b).

## ELEVENTH   DEFENSE

Defendant asserts discretionary function immunity pursuant to the Mississippi Tort Claims Act, Miss. Code § 11-46-9(1)(d).

## TWELFTH DEFENSE

Defendant asserts that one or more of Plaintiff's claims arise out of an alleged injury caused by the City adopting or failing to adopt a statute, ordinance, or regulation, so that Defendant is immune pursuant to the Mississippi Tort Claims Act, Miss. Code § 11-46-9(1)(e).

## THIRTEENTH   DEFENSE

Defendant asserts that one or more of Plaintiff's claims arise out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the maintenance of facilities, the hiring of personnel, and the general provision of adequate governmental services, so that Defendant is immune pursuant to the Mississippi Tort Claims Act, Miss. Code § 11-46-9(1)(g).

## FOURTEENTH      DEFENSE

At all relevant times herein, Defendant complied with all applicable standard(s) of care.

## FIFTEENTH      DEFENSE

Defendant did not breach any duty owed to Plaintiff, whether contractual, common law, statutory, state, federal, or other, nor did it violate any right or privilege of Plaintiff and is, therefore, not liable in damages.

## SIXTEENTH      DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute(s) of limitations, including but not limited to, the one-year statute of limitations pursuant to Mississippi Code § 15-1-35, the one-year statute of limitations found in Mississippi Code § 11-46-11, and/or the general three (3) year statute of limitations pursuant to Miss. Code § 15-1-49.

## SEVENTEENTH      DEFENSE

Plaintiff's exclusive basis of remedy is via the appeals process of Miss. Code § 11-51-75, which Plaintiffs have not followed. This failure is a bar to their claims.

## EIGHTEENTH      DEFENSE

Plaintiff's Complaint must be dismissed for failure to comply with the pleading requirements of *Iqbal* and *Twombley*

## NINETEENTH      DEFENSE

Defendant City of Jackson states that unless specifically admitted herein, this Defendant denies any and all allegations of the Complaint.

## ANSWER

Having set forth certain preliminary defenses and without waiving its right to first be heard regarding said defenses, Defendant City of Jackson now responds to the Plaintiff's Complaint, paragraph by paragraph, as follows:

## COMPLAINT[1]

Unnumbered Paragraph immediately following "COMPLAINT" and beginning "Mythics, LLC f/k/a Mytics, Inc. ("Plaintiff")...: Defendant admits that Plaintiff has filed a Complaint naming the City of Jackson, Mississippi as a Defendant. Defendant denies any remaining allegation of this paragraph of the Complaint.

### I.      PARTIES

1.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph of the Complaint and therefore denies the allegation(s).

2.      Defendant admits that the City is a municipality incorporated under the laws of the State of Mississippi and that the City may be served with process upon the Mayor or Municipal Clerk. Defendant denies any remaining allegation of this paragraph of the Complaint.

### II.      JURISDICTION AND VENUE

3.      Denied.

---

[1] The headings used in the Complaint are repeated herein for reference only. As no heading is an allegation of fact or law, no response to any heading is required. To the extent that any heading can be interpreted as requiring a response, Defendant denies the headings and requests an opportunity to amend its Answer to provide a more complete response as directed by the Court.

4.     Defendant admits that if jurisdiction is proper in this Court, then venue lies in the United States District Court, Southern District, Northern Division. Defendant denies any remaining allegation of this paragraph of the Complaint.

### III.   FACTS

5.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph of the Complaint and therefore denies the allegation(s).

6.     Defendant admits that it is a governmental entity. Defendant denies any remaining allegation of this paragraph of the Complaint.

7.     Defendant admits that Mayor Chokwe Lumumba signed certain documents with Plaintiff. Defendant denies any remaining allegation of this paragraph of the Complaint.

8.     Defendant admits that the City Council passed orders authorizing certain agreements with Plaintiff, and that the orders are recorded in the Council's minutes. Defendant denies any remaining allegation of this paragraph of the Complaint.

9.     Defendant admits that Plaintiff provided products and services to the City. Defendant denies any remaining allegation of this paragraph of the Complaint.

10.     Defendant admits that Plaintiff is seeking payment for certain invoices it claims are due and owing. Defendant denies any remaining allegation of this paragraph of the Complaint.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph of the Complaint and therefore denies the allegation(s).

12.     Denied.

13.     Defendant admits that an Interim Third-Party Manager has been appointed by federal court to manage the City's sewer and water systems. The Third-Party Manager's authority includes payment of certain products and services, including products and services as described in the Complaint. Defendant denies any remaining allegation of this paragraph of the Complaint.

## COUNT ONE

14.     Defendant admits that Mayor Chokwe Lumumba signed certain documents with Plaintiff. Defendant admits that the City Council passed orders authorizing certain agreements with Plaintiff, and that the orders are recorded in the Council's minutes. Defendant denies any remaining allegation of this paragraph of the Complaint.

15.     Defendant admits that the signed documents include purported terms for products and services to be provided for a price. Defendant denies any remaining allegation of this paragraph of the Complaint.

16.     Denied.

17.     Denied.

## COUNT TWO

18.     Defendant admits that Miss. Code § 31-7-301 addresses prompt payment of certain invoices by certain governmental entities. Defendant admits that the City is a governmental entity. Defendant denies any remaining allegation of this paragraph of the Complaint.

19.     Defendant admits that Plaintiff's calculations appear to be correct. Defendant denies any remaining allegation of this paragraph of the Complaint.

20.     Denied.

Unnumbered paragraph immediately following Paragraph 20 and beginning "WHEREFORE, PREMISES CONSIDERED": Defendant denies that Plaintiff is entitled to any relief whatsoever. Defendant denies that Plaintiff is entitled to an award of damages in this case. Defendant specifically denies that Plaintiff is entitled to judgment against it, or that Defendant is liable or indebted to the Plaintiff in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. Defendant denies that Plaintiff is entitled to attorney's fees, interest and costs.

AND NOW, having fully addressed the numbered paragraphs of Plaintiffs' Complaint, and having denied any and all liability herein, Defendants set forth the following Special Affirmative Matters:

## FIRST AFFIRMATIVE DEFENSE

An Interim Third-Party Manager was appointed by federal court order on November 29, 2022, to manage the City's sewer and water systems. The Third-Party Manager's authority includes payment of certain products and services, including products and services as described in the Complaint. His authority also includes whether to continue a contract that had been in effect at the time of his appointment or to cancel such contract. Defendant has no obligation to pay any invoice for work performed after the date of the appointment of the Third-Party Manager. Defendant is entitled to a set off with regard to any work or services provided after November 29, 2022.

## SECOND AFFIRMATIVE DEFENSE

Defendant at all times complained of acted in good faith without malice, without reckless disregard, without deliberate indifference, without retaliatory or discriminatory

motive, without injurious intent, without evil motive, and is guilty of no wrongful or tortuous conduct.

### THIRD AFFIRMATIVE DEFENSE

Defendant would show that the factual allegations of Plaintiff's Complaint and the conduct complained of, does not violate any clearly established contractual, statutory, or constitutional rights of the Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, the City is not guilty of any deliberate abuse of inherently governmental power.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is entitled to immunity from suit and/or liability herein. Defendant is entitled to and hereby asserts all rights, privileges, and immunities otherwise available to a governmental or state actor.

### FIFTH AFFIRMATIVE DEFENSE

Any damage, loss or deprivation to the Plaintiff was not proximately caused by any governmental policy, custom or practice attributable to the City of Jackson.

### SIXTH AFFIRMATIVE DEFENSE

To the extent, if any, that Plaintiff's Complaint purports to state a cause of action against Defendants based upon any state law theory, Defendant possesses sovereign immunity pursuant to and as set forth in Miss. Code Ann. § 11-46-1 *et seq*. (Supp. 2000), inclusive of the specific provisions and limitations of Miss. Code Ann. Sections 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15 and 11-46-17.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant fulfilled any and all legal duties owed by it, if any, to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have no right to trial by jury on any state law claims, if any be found to exist on the face of the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, losses and/or injuries, if any, are the proximate result of their own actions and/or omissions, or those of other persons for whom these Defendants are neither liable nor responsible. Plaintiffs' recovery should be barred or alternatively, reduced under principles of comparative fault. Further, this Defendant affirmatively asserts and invokes all defenses and rights available to it as set forth in Miss. Code Ann. § 85-5-7(1991) as well as §11-1-65.

## TENTH AFFIRMATIVE DEFENSE

No action or inaction on the part of these Defendants proximately caused any harm, loss or deprivation to the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant City of Jackson possesses immunity to Plaintiff herein and specifically asserts all rights, defenses, privileges and immunities available unto it under applicable state and federal law. Defendant invokes and asserts all rights, privileges and immunities available unto it as set forth in the United States Constitution and/or Mississippi Constitution and supporting/interpretive federal or state common law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries or harms were caused unforeseeably or by persons, forces or entities for which the Defendants are neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to this Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant hereby specifically pleads that if any of the allegations of the Complaint are true, Plaintiff is guilty of either contributory negligence or affirmative conduct in connection with the events about which it complains. To the extent events that form the subject matter of Plaintiff's Complaint and alleged damages, if any, were caused by the actions or omissions of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their alleged damages, the entitlement to which they are denied.

## FIFTEENTH AFFIRMATIVE DEFENSE

The City reserves all statutory and/or indemnity rights it may have against all others who may have standing in this case or have information or liability whether parties to this action now or become parties pursuant to applicable Rules of Civil Procedure if necessary and/or non-parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

At all times and as to all matters material to this Complaint, the City and its employees, agents, and remaining servants acted reasonably, in good faith, and in accordance with all applicable laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The City affirmatively pleads assumption of risk as a bar to Plaintiff's Complaint. Specifically, Mississippi law is well settled that a contract, absent statutory authority saying otherwise, cannot bind successor governing bodies, such as city councils, who did not approve said original contract. Such contracts are voidable as a matter of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The City hereby gives notice that it intends to rely upon such other and further defenses that may become available or apparent during discovery in this civil action and reserves the right to amend its answer to assert any such defenses, including affirmative defenses.

## NINETEENTH AFFIRMATIVE DEFENSE

The City affirmatively pleads accord and satisfaction as a bar to Plaintiff's recovery.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by their failure to perform their obligations under the purported contract(s).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the referenced documents did not form legally binding contracts with the City.

Dated:  November 2, 2023.

Respectfully submitted on behalf of the
Defendant City Of Jackson, Mississippi


 /s/ Drew M. Martin
Drew M. Martin. MSB# 101045


**OFFICE OF THE CITY ATTORNEY**
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
601.960.1799 telephone
601.960.1756 facsimile

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the date indicated below I electronically filed the foregoing via

the Court's CM/ECF system, which sent notification of the filing to all counsel of record.

_/s/ Drew M. Martin_____

Dated:  November 2, 2023.